UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.                                                      **ORDER**
                                                        14-CR-26S (1)

ANTHONY McCUTCHEON,

                        Defendant.


       1.      The March 25, 2014 Second Superseding Indictment in this case accuses Defendant Anthony McCutcheon of conspiracy to possess with intent to distribute, and to distribute, 28 grams or more of cocaine base in violation of 21 U.S.C. § 846, maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a)(1), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), and felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  This Court referred the matter to the Honorable H. Kenneth Schroeder, Jr., United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) to oversee all pre-trial matters that a magistrate judge may hear and determine, as well as to hear and report on all dispositive issues.  As part of his pre-trial motions, McCutcheon moved for:  (1) suppression of the evidence seized pursuant to the Title III intercept orders issued by this Court on October 25, 2013, November 15, 2013, December 16, 2013, and January 15, 2014; (2) a <u>Franks</u> hearing relating to the affidavits of S.A. Scullion submitted in support of the applications for those intercept orders; (3) suppression of evidence seized pursuant to the search warrant executed at 574 East Amherst Street on February 14, 2014; (4) suppression of evidence seized from the search of McCutcheon's cell phone; and (5) suppression of

McCutcheon's post arrest oral statements. (Docket No. 83.)

2. In a June 22, 2016 Report, Recommendation and Order, Judge Schroeder found that McCutcheon "failed to meet his burden to invalidate the intercept orders," and therefore also had no basis to attack the validity of the search warrant authorizing the search of his residence at 574 East Amherst Street. (Docket No. 274 at 7, 16.) The Magistrate Judge further found that McCutcheon failed to make a showing that a Franks hearing was necessary (id. at 16), the searches of McCutcheon's cell phone were proper and, even if they were not, the doctrine of inevitable discovery applied (id. at 30), and that McCutcheon had provided no basis to attack his post-arrest statements (id. at 31). Judge Schroeder recommended denying the motion to suppress in its entirety.

3. Presently before this Court are McCutcheon's objections to the Report and Recommendation. (Docket No. 296.) McCutcheon again argues, *inter alia*, that the intercept orders were not supported by probable cause because they were based, in part, on the statements of a confidential informant who has now sworn that the information he is said to have provided in support of the intercept applications is false. Accordingly, McCutcheon requests a Franks hearing to determine whether the Government lied or made material misstatements in those applications. McCutcheon raised this same issue during a status conference before this Court on November 16, 2016.

4. Having considered McCutcheon's arguments and carefully reviewed the parties' submissions, this Court finds no basis for a Franks hearing. It is apparent from the documents submitted by the Government in opposition to the motion, including the Government's evidence in support of the intercept applications that is currently under

seal (see Docket No. 253), that McCutcheon has failed to make "'substantial preliminary showing' that a deliberate falsehood or statement made with reckless disregard for the truth" was made by S.A. Scullion in the intercept application. See United States v. Falso, 544 F.3d 110, 125 (2d Cir. 2008); see also United States v. Rajaratnam, 719 F.3d 139, 151 (2d Cir. 2013) (noting that the same analytical framework applies for Title III intercept applications as for a warrant application for physical search). Although McCutcheon has made a showing that undermines the veracity of the confidential informant relied on by S.A. Scullion, "[a] search warrant may not . . . be challenged under Franks on the ground that an informant knowingly or recklessly made a false statement to an affiant so long as the affiant in good faith accurately represents what the informant said unless the informant is a government official." United States v. Benjamin, 72 F. Supp. 2d 161, 182 (W.D.N.Y. 1999). Thus, assuming *de novo* review is warranted based on Defendants' arguments,[2] this Court is satisfied that there is no basis for suppression of the evidence seized pursuant to the Title III intercept orders, nor for suppression of any evidence sought by McCutcheon. Instead, this Court concurs with the findings and recommendations contained in the Report, Recommendation, and Order. They will therefore be accepted over objection.

---

[2] Generally, *de novo* review is appropriate for those portions of a report and recommendation to which proper objections are made, following which a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." See 28 U.S.C. § 636(b)(1)(C); see generally United States v. Gardin, 451 F. Supp. 2d 504, 506 (W.D.N.Y. 2006). In contrast, general or perfunctory objections which are merely "a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge" are improper. Camardo v. General Motors Hourly-Rate Emp. Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (no "second bite at the apple" will be permitted). The district court may adopt those parts of the report to which no objection or an improper objection is raised so long as such are not clearly erroneous. Gardin, 451 F. Supp. 2d at 506.

IT HEREBY IS ORDERED, that this Court ACCEPTS Judge Schroeder's June 22, 2016 Report and Recommendation (Docket No. 274) in its entirety;

FURTHER, that Defendant Anthony McCutcheon's objections to this Report and Recommendation (Docket No. 296) are DENIED;

FURTHER, that Defendant Anthony McCutcheon's motion for suppression and for dismissal of the indictment (Docket No. 83) is DENIED.

SO ORDERED.

Dated: November 20, 2016
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge